IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GENREIS, INC., an Iowa Corporation;<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DEREK L BROWN, Individually; L&J ASSET HOLDINGS, LLC, a Delaware Limited Liability Company; and DLB CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company;<br><br>　　　　　　Defendants. | **8:22CV74**<br><br>**ORDER** |

Defendants have filed a supplemental motion to compel mediation, explaining Plaintiff refuses to attend a mediation in person in Portland, Oregon. ([Filing No. 27](#)). Plaintiff argues a mediation by Zoom complies with the court's prior order. It further argues the mediator, not the court, must decide how and where the mediation will occur because the court ordered mediation and stayed this case pending the outcome.

Irrespective of whether the court ordered mediation or arbitration, it retains the right to enforce its prior order. Moreover, in this case, the court ordered mediation, not arbitration. Had arbitration been ordered pursuant to the Federal Arbitration Act (FAA), the arbitrator—not the court—<u>may</u> be vested with the authority to interpret the contract terms regarding the location and method for attending arbitration.[1] But my prior order mandated mediation, and it is not governed by the FAA. When mediation is ordered, if the parties cannot reach an

---

[1] The parties have not briefed this issue. So, I make no prediction on how that issue will be resolved if the parties later disagree on the scope of issues submitted to arbitration.

agreement or compromised resolution on the meaning of a contract term, the court—not the mediator—remains the decision maker over that disputed issue. An order compelling mediation does not divest this court of the authority to interpret the terms of the parties' contract.

>The court's prior order stated:
>
>Applying a common sense interpretation of [the contract] language, the court finds the parties agreed that if they could not otherwise agree on a mediator, mediation would be conducted through "United States Arbitration & Mediation," an entity providing services nationwide which was in existence and operation at the time the Operating Agreement was formed, and the mediation would occur in Portland, Oregon.

([Filing No. 26, at CM/ECF p. 9](#)). Plaintiff claims the phrase "the mediation would occur in Portland, Oregon" was mere dicta and cannot be interpreted to require in-person mediation in Portland, Oregon.

The previous question before the court was whether the term "the U.S. Arbitration and Mediation Service in Portland, Oregon" was the proper name of a currently nonexistent organization or, in the alternative, pinpointed the U.S. Arbitration and Mediation Service location for conducting the contractually required mediation and, if necessary, arbitration. While the court was not specifically asked to decide where mediation would occur if ordered, the court was required to interpret the meaning of "in Portland, Oregon" as used in both paragraphs "20.1 Mediation" and "20.2 Arbitration" of the Operating Agreement.

Paragraph "20.1 Mediation" states "[i]f the parties cannot agree upon the person to act as the mediator, the U.S. Arbitration and Mediation Service in Portland, Oregon, shall select a person to act as the mediator." It does not state where the mediation must be held or if the parties cannot agree, who decides

2

that issue.[2] In this case, the parties have agreed on a USAM mediator from Portland, Oregon,[3] but Plaintiff's agreement is conditioned on the mediation occurring by video conference. (Filing No. 29-1, at CM/ECF p. 4).

As the court previously held, under the terms of the Operating Agreement, mediation is required. Assuming Plaintiff is correct—that the Operating Agreement does not identify where and how the mediation must be held—the court must then decide those issues. Here, Plaintiff opposes in-person mediation in Portland, Oregon, arguing Defendants will use Plaintiff's appearance in Oregon as a basis for claiming personal jurisdiction over Plaintiff in Defendant's pending Oregon lawsuit against Plaintiff. However, Defendants affirmatively state they "cannot and will not premise personal jurisdiction over Plaintiff through his appearance at a mediation in Portland, Oregon." (Filing No. 33, at CM/ECF p. 5). With this assurance of record, Plaintiff's primary opposition to attending mediation in Portland, Oregon is moot.

Defense counsel opposes mediation by videoconference, arguing "Zoom mediations do not work as well as mediations in person." Defense counsel explains that "being actually present at the negotiation table facilitates mediation" because "the parties are physically confined in one location with each other," and "they invest a significant amount of energy to attend mediation." (Filing No. 33, at CM/ECF p. 3). The court disagrees with Defendants' global statement that

---

[2] Paragraph "20.2 Arbitration" also states that if the parties cannot agree on an arbitrator, the "U.S. Arbitration and Mediation Service in Portland, Oregon" will make that choice. But unlike the language of mediation paragraph of the Operating Agreement, the arbitration paragraph also states, "Should the dispute not be resolved by mediation, such disagreement, difference or controversy shall be submitted to arbitration with the U.S. Arbitration and Mediation Service in Portland, Oregon."

[3] The chosen mediator is Mary Jo Mullen.

videoconference mediation cannot provide a suitable substitute for mediating in person.[4] In some cases, videoconference mediation can be the best choice for facilitating the "just, speedy, and inexpensive" resolution of a case. See Fed. R. Civ. P. 1. A case-by-case analysis is important when deciding whether mediation should be conducted by videoconference, in person, or a combination of both. The parties' contract does not address whether a videoconference mediation complies with the contract terms.

In the absence of guidance from the contract itself, the court must decide how and where the mediation will be held. Based on the briefing in this case, the court questions the parties' ability to communicate and compromise, and perhaps Plaintiff's interest in fully participating in mediation. Those concerns are an impediment to resolution under any circumstances, but they can be particularly difficult to overcome when the parties appear by videoconference—when a party can simply walk away from the camera. Under such circumstances, unless the parties agree otherwise,[5] the court will require the parties to personally appear at the mediation of this case in Portland, Oregon.

Defendants request recovery of the attorney fees they expended in filing the motion to compel in-person mediation. However, the court's prior order did not mention, much less thoroughly analyze, whether conducting mediation by videoconference with a mediator from Portland, Oregon complies with the terms

---

[4] The settlement conferences I have conducted in whole or in part by videoconference have all resulted in a settlement.

[5] Nothing in this opinion and order prohibits the parties from entering into a post-dispute modification of their contract. That is, if they now mutually agree, they can participate in mediation by videoconference or at a location other than Portland, Oregon. The parties may also mutually choose to submit to a settlement conference before the undersigned magistrate judge rather than participating in pre-arbitration mediation. If they choose to have a settlement conference, they need only contact my chambers for dates.

of Operating Agreement. Under these circumstances, Defendants' request for attorney fees will be denied.

Accordingly,

IT IS ORDERED that Defendants' motion to compel and for recovery of attorney fees, (Filing No. 27), is granted in part and denied in part as follows:

1) Unless the parties mutually agree otherwise, the mediation in this case will be held in person in Portland, Oregon.

2) Defendants' request for attorney fees is denied.

Dated this 18th day of July, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge